UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Dwayne Davis,** | ) | **CASE NO. 1: 25 CV 1017** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **State of Ohio, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Dwayne Davis has filed this civil rights action relating to a 2013 arrest, conviction, and imprisonment in Ohio. (Doc. 1.) He names as defendants: the State of Ohio; the Ohio Department of Rehabilitation & Correction (ODRC); the Ohio Adult Parole Authority (OAPA); Lisa Hoying; ODRC Director Annette Chambers Smith; Warden Black of Lorain Correctional Institution (LCI); Ohio Attorney General Dave Yost; OAPA Officer Brandon Holmes; Cleveland Sheriff Department; Cleveland Sheriff Sean Smith; Cleveland Police Detective Benz; Cleveland Municipal Courts Clerk Earle Turner; CEO Kim Bates; Cuyahoga County Clerk of Courts; Commissioner of the Social Security Administration (SSA); OAPA Chairperson; and several

1

unnamed individuals identified as the supervisor of Officer Holmes, two Cleveland police officers, a Fifth District Police Department supervisor, and a Cleveland sheriff. (*Id*. at 1.)[1] Davis seeks money damages, injunctive relief, and other forms of relief. (*See id*. at 101-07.) Davis also has filed an application to proceed *in forma pauperis* (Doc. 2) which is granted. Additionally, he has filed a motion for expedited consideration and discovery (Doc. 3) and a motion for injunctive relief (Doc. 5). For the following reasons, Davis' complaint is dismissed.

## BACKGROUND

According to public records, Cleveland police arrested Davis on April 30, 2013. *See* Cuyahoga County Court of Common Pleas Docket, Case No. CR-13-574008-A. A month later, the Cuyahoga County grand jury indicted him for one count of second degree felony burglary, one count of third degree felony attempted burglary, one count of possession of criminal tools, two counts of criminal damaging, and one count of intimidation of a crime victim or witness. The first burglary charge carried prior conviction and repeat violent offender specifications.

Davis entered a plea of guilty to an amended indictment for second degree felony burglary, fourth degree felony burglary, and intimidation of a crime victim or witness. Davis was sentenced to an aggregate ten-year prison term. He appealed and the Ohio appellate court affirmed the sentence. He did not appeal to the Ohio Supreme Court.

Davis filed multiple post-conviction actions in the state trial court. He filed a motion to withdraw his guilty plea which the trial court denied. The appellate court affirmed. He also filed a motion to vacate or set aside the conviction which the trial court denied as untimely. The state

---

[1] Plaintiff also alleges "other" defendants violated his constitutional rights (Doc. 1 at 1), but he does not clearly identify them. The Court will address only those defendants clearly identified in the caption of the complaint.

appellate court also affirmed. Davis then filed four state habeas corpus petitions which all were dismissed.

Davis filed a petition for writ of habeas corpus in this court in June 2019 before a different judge. The court denied the petition. (Case No. 1:19 CV 1456, Doc. 43.)

Davis was released from prison on post-release control in April 2023.

Davis filed his complaint in this case on May 19, 2025. The complaint consists of 108 single-spaced, handwritten pages. It is unwieldy and often difficult to decipher. Nevertheless, it appears that Davis primarily alleges various civil rights violations under 42 U.S.C. §1983 and §1985 and the American with Disabilities Act (ADA) related to his arrest, indictment, and trial in his 2013 criminal case in Cuyahoga County as well as his subsequent nearly decade-long incarceration in state prison. His claims include, among others: excessive police force, false arrest, improper search and seizure, false imprisonment, improper indictment, human trafficking, involuntary servitude, assault, robbery, burglary, intentional infliction of emotional distress, violation of right to access courts, equal protection, and spoliation.

**ANALYSIS**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), district courts are required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an

3

indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*  In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).  Davis' complaint fails to meet these standards on several grounds.

First, the complaint does not set forth coherent allegations as to specific wrongful conduct of Defendants, or assert any legal claim against them that is intelligible to the Court.  It consists entirely of an incomprehensible mixture of legal conclusions and rhetoric.  Federal courts are courts of limited jurisdiction and a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Davis' allegations are so incoherent, implausible, and unsubstantial that they do not provide a basis to establish this Court's subject matter jurisdiction.  Accordingly, this action is dismissed on that basis.

Second, to the extent Davis' claims challenge his convictions in state court, they are barred under *Heck v. Humphry*, 512 U.S. 477 (1994). A plaintiff cannot bring a federal civil action if a ruling on his claims would necessarily imply the invalidity of his state criminal conviction unless his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-87. "This ensures that habeas corpus remains the exclusive remedy for criminal defendants who have not obtained a favorable termination in their criminal proceedings and does not allow duplicative, collateral attack of convictions or sentences through § 1983 actions." *S.E. v. Grant Cty. Bd. of Educ.*, 544 F.3d 633, 637 (6th Cir. 2008). Davis' 2013 convictions have not been overturned or called into question through other legal procedures despite his many state and federal court challenges to them. Therefore, to the extent that he alleges Cuyahoga County should have set aside his convictions because they were invalid, his claims are barred by *Heck*.

Third, many of the named Defendants are not subject to suit under § 1983 and must be dismissed for that reason. Cleveland Municipal Clerk of Court Turner and the Cuyahoga County Clerk of Court are immune from this suit. *See, e.g.*, *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). ("Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune."); *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). (court clerks and other court officials and employees have been accorded absolute immunity from civil rights actions on claims arising from conduct intrinsically associated with a judicial proceeding); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973) (municipal court clerks are immune from suit). Ohio Attorney General Dave Yost is likewise accorded immunity in this case.

*See, e.g.*, *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993).

Also immune from this suit are Defendants State of Ohio, the ODRC, the OAPA, ODRC Director Annette Cambers Smith, LCI Warden Black, and OAPA Chairperson. To establish a § 1983 violation, a plaintiff must show that a "person" acting under color of state law deprived him or her of a right secured by the Constitution or federal law. *E.g., Parratt v. Taylor*, 451 U.S. 527, 535 (1981). The United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). These Defendants must be dismissed under § 1915(e) because the complaint seeks monetary relief from defendants who are immune from relief for federal civil rights claims.

Finally, to the extent that Davis' claims are based on his 2013 arrest, indictment, trial, or subsequent incarceration, those claims are barred by the statute of limitations. There is a two-year statute of limitations on claims raised under § 1983, § 1985, and the ADA. *See, e.g., Wilson v. Garcia*, 471 U.S. 261, 275–276 (1985) (holding that federal courts must apply the state statute of limitations for personal injury actions to § 1983 claims); *Swartz v. Eastman*, 194 F.3d 1314, 1999 WL 801570, at *1 (6th Cir. 1999) (Ohio's two-year statute of limitations for personal injury actions applies to both § 1983 and § 1985 claims); *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (claims for false arrest and false imprisonment generally accrue at the time of the arrest); *Deck v. City of Toledo*, 56 F. Supp. 2d 886, 889-92 (N.D. Ohio 1999) (statute of limitations for ADA claims is two years in Ohio); *Frank v. University of Toledo*, 621 F. Supp. 2d 475, 483 (N.D. Ohio 2007) (ADA claim accrued when plaintiff knew or had reason to know of injury from alleged discriminatory act). Davis' arrest, indictment, and trial took place in 2013 and he was released from prison in April 2023.

Each of these events occurred more than two years before Davis filed his complaint in this Court in May 2025. Claims relating to the 2013 criminal case, therefore, are time-barred and must be dismissed for that reason.

## CONCLUSION

Accordingly, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiff's motion for expedited consideration and discovery and motion for injunctive relief are denied. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court

Dated: 7/8/25